1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SOUTHWEST ENGINEERING, INC.,              CASE NO. 09-CV-110 JLS (RBB)

12                              Plaintiff,     **ORDER: (1) GRANTING**
                                              **DEFENDANT'S MOTION TO**
13           vs.                              **DISMISS AND (2) DISMISSING**
                                              **WITHOUT PREJUDICE**
14   YEOMANS CHICAGO CORPORATION, et
     al.,                                     (Doc. No. 7)
15                             Defendants.

16

17          Presently before the Court is Defendant's motion to dismiss the First Amended Complaint

18   (FAC). (Doc. No. 16.) Plaintiff has filed an opposition and Defendant has replied to that opposition.

19   (Doc. Nos. 18 & 24.)   Having fully considered the parties' arguments and the relevant law,

20   Defendant's motion is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

21                              **BACKGROUND**

22          In February, 2004, Plaintiff Southwest Engineering, Inc. and the County of San Diego,

23   California entered into a written contract regarding a public works project.[1] (Doc. No. 14 (FAC) ¶ 6.)

24   Plaintiff "entered into a partly oral and partly written agreement" with Defendant for the sale of certain

25   pumps "that would comply with the requirements of the Project's plans and specifications." (*Id.* ¶ 7.)

26   Plaintiff alleges that the pumps "were not free from defects in material and workmanship" and "did

27   ───────────────────

28          [1]  For purposes of this motion, all of the facts alleged in the complaint are taken as true.
     *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

                                    - 1 -                                        09cv110

1  not meet the requirements of the Project's plans and specifications." (*Id.* ¶ 8.)  Plaintiff also claims

2  that it worked for almost two years with Defendant to get the problems resolved and repaired but that

3  Defendant's efforts were not adequate or successful.  (*Id.* ¶ 10.)  The result of this has been

4  "unanticipated added and extra costs." (*Id.* ¶ 13.)

5       On December 10, 2008, Plaintiff filed suit in California Superior Court and Defendant

6  removed the action to this Court.  (Doc. No. 1.)  On April 20, 2009, this Court granted Defendant's

7  motion to dismiss.  (Doc. No. 13 (Prior Order).)  Plaintiff filed its First Amended Complaint on May

8  8, 2009 and Defendant filed the present motion to dismiss on May 22, 2009.  (Doc. Nos. 14 & 16.)

9                                        **LEGAL STANDARD**

10       Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

11  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

12  motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

13  sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

14  statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

15  require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-

16  unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009)

17  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's

18  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

19  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

20  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice

21  if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949

22  (citing *Twombly*, 550 U.S. at 557).

23       "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

24  as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at

25  570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the

26  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

27  (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must

28  be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely

consistent with' a defendant's liability" fall short of a plausible entitlement to relief.[2]  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense."  *Id.* at 1950 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.*

## ANALYSIS

### I.    Contractual Warranty Allegations

Plaintiff alleges that it "entered into a partly oral and partly written agreement" that contained two warranties.  (FAC ¶ 7.)  First, the contract "warranted that the pumps would be 'free from defect in material and workmanship under normal use and service, and when properly installed.'"  (*Id.*)  Second, Plaintiff alleges that Defendant warranted that the pumps supplied "would comply with the requirements of the Project's plans and specifications."  (*Id.*)

Defendant raises two challenges to these allegations.  First, it argues that there is no warranty that the pumps would comply with the requirements of the project.  (Memo. ISO Motion at 4–5; Reply at 2–5.)  Second, Plaintiff claims that the allegation that the contract was "partly oral and partly written" is directly contradicted by the contract.[3]  The Court notes, as held in its Prior Order, that the parties dispute is governed by Illinois law.  (Prior Order at 3–4.)

### A.    Warranty That Pumps Would Comply With Project Specifications

The contract agreed to by the parties to this case contained an addendum labeled "Standard Terms and Conditions."  ((*See* FAC, Ex. A (Contract) at 13–20.[4])  Within that addendum is a section discussing warranties which states:

---

[2] Plaintiff cites *Peloza v. Capistrano Unified School District*, 37 F.3d 517 (9th Cir. 1994), for the proposition that the court must "embrace whatever specific facts might be necessary to support" the complaint's general allegations.  (Opp. at 2.)  To the extent that this suggests a lesser standard of pleading than "a plausible entitlement to relief," it is no longer a correct statement of the law in light of the decisions in *Iqbal* and *Twomby*.

[3] Defendant does not argue that Plaintiff's allegations regarding the warranty of materials and workmanship fail to state a claim.

[4] Page citations within Exhibit A to the First Amended Complaint refer to the page numbers assigned by CM/ECF.

1
2
3

> For a period of fifteen (15) months from the date of shipment or twelve (12) months from start-up which ever occurs first, Yeomans Chicago Corporation gives a limited warranty that its Manufactured Equipment . . . shall be free of defects in material workmanship under normal use and services, and when properly installed.

4
5
6
7

(*Id.* at 14–15 ¶ 10.)  This provision also disclaims any other warranty: "THIS WARRANTY IS EXPRESSLY MADE IN LIEU OF ANY AND ALL OTHER WARRANTIES EXPRESSED OR IMPLIED INCLUDING WARRANTIES OF MERCHANTABILITY AND FITNESS." (*Id.* (capitalization in original).)  Thus, the question before this Court is whether, in light of this contractual provision, Plaintiff's right to relief based on the FAC is plausible.  *Iqbal*, 129 S. Ct. at 1949.

8
9
10
11
12

Plaintiff alleges that the contract it entered into with Defendant warranted that the pumps supplied "would comply with the requirements of the Project's plans and specifications." (FAC ¶ 7.)  It also claims that "[t]he pumps did not meet the requirements of the Project's plans and specifications." (*Id.* ¶ 8.)

13
14
15
16
17

With respect to this particular warranty, the FAC is virtually unchanged from the initial complaint. (*Compare* Doc. No. 1, Ex. 1 ¶¶ 8 & 9 *with* FAC ¶¶ 7 & 8.)  The primary difference being that Plaintiff no longer couches this allegation in terms of a "warranty." (*See* Doc. No. 1, Ex. 1 ¶ 8 ("Defendants, impliedly and/or specifically, warranted that the pumps supplied would be fit for their intended purpose and use on the project.").)  The use or omission of this term, however, is irrelevant.

18
19

> A warranty is an assurance of one party to a contract of the existence of a fact upon which the other party may rely.  It is intended precisely to relieve the promisee of any duty to ascertain the fact for himself; it amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue.

20
21
22
23

*Vasco Trucking, Inc. v. Parkhill Truck Co.*, 286 N.E.2d 383, 386 (Ill. App. Ct. 1972) (quoting *Metro. Coal Co. v. Howard*, 155 F.2d 780, 784 (2d Cir. 1946) (L. Hand, J.)).  By claiming that Defendant agreed that the pumps "would comply with the requirements of the Project's plans and specifications," Plaintiff effectively alleges that Defendant provided a warranty of fitness.

24
25
26

Although Plaintiff claims otherwise, the contract[5] does not contain an express warranty of fitness.  Plaintiff's warranty argument is based on passages in three different documents.  First, Plaintiff points to the purchase order and to the approval of terms and conditions in support of the

27
28

---

[5] Plaintiff has supplied this Court with a number of documents which allegedly constitute the relevant portions of the contract.  The Court presumes for the sake of argument these documents are in fact part of the contract, but expresses no opinion as to whether this presumption is correct.

1    proposition "that the order [was] 'subject to approval of submittals.'"  (Opp. at 3.)  Both of these

2    documents do contain the phrase "subject to approval of submittals." (Contract at 12 & 16.)  Plaintiff

3    argues that "[s]ubmittals is a term of art in the construction industry."  And although Southwest does

4    not ever define "submittal," it claims that Defendant's submittals "would have included shop drawings

5    prepared by [Defendant] purporting to show that the pumps/equipment supplied would meet the

6    requirements of the Project's plans and specifications."  (Opp. at 3.)

7         It is clear, regardless of how "submittal" is defined , that these brief phrases are not a warranty.

8    Instead, the plain meaning of the references to submittals deal with Plaintiff's assent to the contract.

9    For example, Plaintiff agreed to Defendant's terms and conditions "subject to [the] approval of

10   submittals." (Contract at 12.)  In other words, Plaintiff had to "approve" or agree to the product

11   information provided by Defendant before they were fully committed to the contract.  It is unclear to

12   the Court how the review of and assent to plans and designs indicate that Defendant was providing

13   a warranty as to the actual performance of the pumps supplied.  As such, the "submittals" language

14   does not constitute the warranty of fitness on which Plaintiff attempts to rely.

15        Plaintiff also argues that this warranty is expressly provided by the "scope letter" sent by

16   Defendant on December 16, 2003.  (*See* Contract at 17–18.)  This letter states that Defendant's "sales

17   engineering staff has proposed a system to meet the intent of the specifications as set forth by Tetra

18   Tech, Inc." (*Id.* at 17.)  The Court finds that this is also not a warranty.  This turn of phrase speaks

19   to Defendant's desire that their proposed system complies with the relevant "specifications."  It does

20   not guarantee anything about the system's performance or that the designs would even comply with

21   these unidentified specifications.   At best, this is a commitmentless pleasantry preceding the

22   quotation's substance.  Such puffery does not provide the warranty of fitness alleged by Plaintiff.

23        Notwithstanding the inadequacy of the cited language, there is a more fundamental reason why

24   Plaintiff's allegation must be dismissed: the terms and conditions of the contract specifically disclaim

25   any warranty of fitness.  (*See* Contract at 14 ¶ 10 ("THIS WARRANTY IS EXPRESSLY MADE IN

26   LIEU OF ANY AND ALL OTHER WARRANTIES EXPRESSED OR IMPLIED INCLUDING

27   WARRANTIES OF MERCHANTABILITY AND FITNESS." (capitalization in original)).)  This

28   disclaimer applies to both express and implied warranties.  So even if this Court were to assume that

1    the language above constitutes an express warranty, it is disclaimed by the terms and conditions

2    agreed to by the parties.

3         And, as this Court noted in its Prior Order, the only way this disclaimer would not apply is if

4    it is unenforceable. (Prior Order at 5.)  Plaintiff makes a single argument to this end, citing *Smith v.*

5    *Navistar Int'l Transp. Corp.*, 714 F. Supp. 303 (N.D. Ill. 1989), for the proposition that "if a buyer

6    proves that the seller breached an express warranty, the buyer may seek additional relief for breach

7    of an implied warranty of fitness for a particular purpose even if the seller expressly disclaimed that

8    warranty." (Opp. at 5 n.2.)  Having reviewed *Smith*, the Court is unpersuaded by its reasoning for a

9    number of reasons.  The *Smith* court cites no precedent for its holding and the Court can find no other

10   cases which adopt the same position.  Further, the section of the Illinois Commercial Code dealing

11   with the exclusion or modification of warranties does not contain any hint that a warranty disclaimer

12   would be invalid where a party breaches an express warranty.  *See* 810 ILCS 5/2-316.

13        Finally, the logic in *Smith* is strained to say the least.  Breach of an express warranty gives rise

14   to a claim of breach based on that express warranty.  The disclaimer of other warranties is irrelevant

15   to whether the "assurance" given by the express warranty had ultimately turned out to be untrue.

16   *Vasco Trucking*, 286 N.E.2d at 386.  If warranties sprang into existence upon the breach of other

17   warranties, the Court would be imputing to one contracting party "assurances" that it intended not to

18   make.  This would also significantly curtail the statutory freedom given to parties to disclaim

19   warranties.  Therefore, the Court concludes that the *Smith* court's statement is incorrect; the breach

20   of an express warranty does not allow a buyer to seek relief based on an expressly disclaimed implied

21   warranty.

22        Given the text of the parties' contract and the warranty disclaimer, this motion to dismiss must

23   be **GRANTED**.  However, since there remains a small possibility that this claim can be cured through

24   further pleading, the Court **DISMISSES WITHOUT PREJUDICE**.

25        B.    "Oral" Portion of the Agreement

26        Defendant next argues that this Court should find that there is no oral portion of the contract.

27   (Memo. ISO Motion at 4–5.)  It notes that the written terms of the contract contain an integration

28   clause which states: "All previous agreements, either written or oral, which are the subject matter

1   hereof are hereby canceled." (Contract at 15 ¶ 13.)  Plaintiff does not explain what portion of the

2   contract is oral and does not attempt to avoid the integration clause.[6]

3        Based on the bare allegation of an oral portion of the contract, any relief Plaintiff seeks based

4   on oral terms is implausible.  Moreover, by simply ignoring the integration clause the Plaintiff has

5   effectively conceded, for purposes of this motion, that the parties' agreement does not contain an oral

6   element.  Thus, the Court also **GRANTS** Plaintiff's motion to dismiss as to the allegation that this

7   contract is partly oral.  However, in fairness to the Plaintiff, the Court **DISMISSES WITHOUT**

8   **PREJUDICE** and grants Plaintiff leave to amend.

9   **II.      Contractual Limitations on Damages**

10       Defendant also argues that the contract's consequential-damages waiver is enforceable and that

11  the complaint should be dismissed because it seeks consequential damages.[7]  (Memo. ISO Motion at

12  6–9.)  Plaintiff claims that it has adequately pled that the damage exclusion provision of the contract

13  is unconscionable.[8]   (Opp. at 5–8.)  The Court notes that this inquiry will not actually determine

14  whether the provision is unconscionable, only whether, taking the allegations in the complaint as true,

15  Plaintiff has pled sufficient facts to make a finding of unconscionability plausible.

16       The FAC states that "Any damage exclusion provision, including any purported waiver of

17  consequential damages, in the purchase agreement . . . would be unconscionable to enforce." (FAC

18  ¶ 12.) It claims that this unconsionability arises from Defendant failure "to correct, replace, or repair

19  the pumps and . . . further refus[al] to reimburse Plaintiff for the purchase prices of said pumps."  (*Id.*

20  ¶ 10.)  Illinois law permits contractual limitation or exclusion of consequential damages. 810 ILCS

21  5/2-719(1) (2009).  However, where "the limitation or exclusion is unconscionable," it will not be

---

[6] Plaintiff's claim that this argument is "irrelevant" for purposes of this motion is misguided. By raising this issue in the paragraph of the FAC which identifies the warranties allegedly breached, Plaintiff made this issue relevant to a motion to dismiss.

[7] The FAC also asserts that the limitation of remedy in the contract "failed of its essential purpose."  (FAC ¶ 10.)  Defendant does not challenge Plaintiff's allegation that the limitation of remedy provision has failed of its essential purpose.

[8] Plaintiff's argument that this "should wait for a more appropriate setting, such as trial, or at a minimum summary judgment" puts the cart before the horse.  Unless the FAC sets forth a plausible entitlement to the relief sought it must be dismissed.  As the Supreme Court has stated, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 129 S. Ct. at 1950.

1   enforced.  810 ILCS 5/2-719(3).

2       The determination of unconscionability is a matter of law.  *Razor v. Hyundai Motor Am.*, 854

3   N.E.2d 607, 622 (Ill. 2006).  There are two types of unconscionability, procedural and substantive.

4   *Id.*  "Procedural unconscionability refers to a situation where a term is so difficult to find, read, or

5   understand that the plaintiff cannot fairly be said to have been aware he was agreeing to it, and also

6   takes into account a lack of bargaining power."  *Id.*; *see also Tortoriello v. Gerald Nissan of N.*

7   *Aurora, Inc.*, 882 N.E.2d 157, 171 (Ill. App. Ct. 2008) ("Procedural unconscionability consists of

8   some impropriety during the process of forming the contract depriving a party of meaningful choice."

9   (quotation and citation omitted)).  "Substantive unconscionability refers to those terms which are

10  inordinately one-sided in one party's favor."  *Razor*, 854 N.E.2d at 622; *see also Tortoriello*, 822

11  N.E.2d at 171 ("Substantive unconscionability  'relates to situations where a clause or term in a

12  contract is allegedly one-sided or overly harsh.'" (quoting *Zobrist v. Verizon Wireless*, 822 N.E.2d

13  531, 540 (Ill. App. Ct. 2004))).   Unconscionability must be judged on its own merits and

14  independently of whether a limited remedy has failed of essential purpose.  *Razor*, 854 N.E.2d at 622.

15      First, Plaintiff's pleadings could not support a finding of procedural unconscionability.  The

16  Supreme Court of Illinois has indicated that:

17      Factors to be considered [in a procedural unconscionability determination] are all the
        circumstances surrounding the transaction including the manner in which the contract
18      was entered into, whether each party had a reasonable opportunity to understand the
        terms of the contract, and whether important terms were hidden in a maze of fine print;
19      both the conspicuousness of the clause and the negotiations relating to it are important,
        albeit not conclusive factors in determining the issue of unconscionability.
20
21  *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 264 (Ill. 2006) (quoting *Frank's Maint. & Eng'g,*

22  *Inc. v. C.A. Roberts Co.*, 408 N.E.2d 403, 410 (Ill. App. Ct. 1980)).  The FAC does not discuss any

    circumstances surrounding the contract's formation.
23
24      Second, Plaintiff's pleadings also could not, at this time, support a finding of substantive

    uncsonscionability.  According to the Supreme Court of Illinois,
25
26      Substantive unconscionability concerns the actual terms of the contract and examines
        the relative fairness of the obligations assumed.   Indicative of substantive
        unconscionability are contract terms so one-sided as to oppress or unfairly surprise an
27      innocent party, an overall imbalance in the obligations and rights imposed by the
        bargain, and significant cost-price disparity.
28
    *Id.* at 28 (quoting *Maxwell v. Fidelity Fin. Servs., Inc.*, 907 P.2d 51, 58 (Ariz. 1995)).  "The

1    unconscionability determination is not restricted to the facts and circumstances in existence at the time

2    the contract was entered into." *Razor*, 854 N.E.2d at 621. In other words, a "seller's deliberate or

3    negligent failure to supply a limited remedy can be taken into consideration in determining whether

4    enforcement of a consequential damages waiver is unconscionable." *Id.*

5         Although Plaintiff's allegations detail its displeasure with Defendant's conduct in this case,

6    they state a possible, not plausible, entitlement to a finding of substantive unconscionability. *Iqbal*,

7    129 S. Ct. at 1949. The FAC contains no factual allegations supporting an inference of a disparity in

8    bargaining power or lack of choice.[9] It does not indicate how the terms of the contract were unfairly

9    surprising or created an overall imbalance in the obligations and rights imposed, or involved a

10   significant cost-price disparity. At best, Plaintiff has merely pled that it is now unhappy with the

11   terms it agreed to at the outset of this contract. The FAC is devoid of factual allegations that would

12   justify the Court upsetting the parties' allocation of risk and loss.

13        Since the FAC does not support a finding of procedural or substantive unconscionability, the

14   Court must **GRANT** the motion to dismiss based on the contract's damages limitation. However, the

15   possibility remains that Plaintiff can cure this deficiency through further pleading. Therefore, the

16   Court finds that the dismissal should be **WITHOUT PREJUDICE AND WITH LEAVE TO**

17   **AMEND**. (*See* Opp. at 7–8.)

18   **III.    Satisfaction of Conditions Precedent**

19        Defendant's reply again argues that Plaintiff has not pled the satisfaction of conditions

20   precedent, specifically that Defendant never "found the pumps to be defective." (Reply at 6–7.) Since

21   Defendant did not make this argument in its opening brief, the Court finds that it has been waived for

22   purposes of this motion.[10]

23   *//*

24

25           [9] Plaintiff's allegation that it "did not have any meaningful option to reject [Defendant's]

26   preprinted terms and conditions" because the "County of San Diego identified two (2) pump models
     that were approved for this project," cannot be considered because it is not in the FAC. (Opp. at 6.)

27   Further, even if this were a contract of adhesion, that fact alone does not make the contract
     procedurally unconscionable. *Kinkel*, 857 N.E.2d at 266.

28           [10] Although Defendant mentioned this point in a footnote, (*see* Memo. ISO Motion at 5 n.2)
     this is inadequate to fairly place this argument into dispute prior to the Reply brief.

1

**CONCLUSION**

2          For the reasons stated, Defendant's motion to dismiss is **GRANTED** and this action is

3   **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may, if it so chooses, file an amended complaint

4   within 30 days of the date this order is electronically docketed.

5          IT IS SO ORDERED.

6

7   DATED:  November 3, 2009

8                                          _Janis L. Sammartino_____
                                           Honorable Janis L. Sammartino
9                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv110